IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JONAH JONES                                                                                                         PLAINTIFF
ADC #89583

V.                                              NO: 2:10CV00124 DPM/HDY

RAY HOBBS *et al.*                                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently held at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed *a pro se* complaint on September 2, 2010, making claims in connection with his PREA ("Prison Rape Elimination Act") segregation status. On August 19, 2011, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #45-#47).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a

showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Defendants assert that they are entitled to summary judgment because Plaintiff failed to properly exhaust his administrative remedies with respect to his claims against them before he filed his lawsuit. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Defendants contend in their statement of facts that Plaintiff exhausted only two grievances with respect to the claims at issue in this lawsuit. The first grievance, EAM-10-01514, was filed on April 15, 2010, and fully exhausted on June 25, 2010, but makes no allegations against any of the Defendants (docket entry #1, pages #11-#13). ADC grievance policy requires inmates to be specific as to the "personnel involved" in the grievances (docket entries #45-4, page #5, & 45-5, page #5). That requirement is on the grievance form itself (docket entry #40, pages #21& #49). Importantly, the question of whether proper exhaustion has been achieved turns on the specifics of the prison

policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, grievance EAM-10-01514 does not demonstrate proper exhaustion of Plaintiff's claims against any Defendant. The other grievance, EAM-11-00073, was not filed until January 3, 2011, and was not fully exhausted until March 9, 2011, well after this lawsuit was filed (docket entry #40, pages #49-#52). Accordingly, even though Plaintiff named Defendants in the later grievance, it was not exhausted before he filed his lawsuit. Therefore, Plaintiff failed to properly exhaust any grievance against any Defendant before he filed this lawsuit, and his complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #45) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __4__ day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE